**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 10:44 AM June 28, 2016**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| CLAYTON B. SMITH, | ) | CASE NO. 15-60272 |
| | ) | |
| Debtor. | ) | ADV. NO. 16-6011 |
| _____ | ) | |
| CLAYTON B. SMITH, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| DEMETRIUS (sic) PROKOS et al., | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Debtor-plaintiff Clayton B. Smith ("Debtor"), representing himself pro se,[1] filed an adversary claiming that the defendants willfully violated the automatic stay. Defendant Keller Blackburn was dismissed from the action on May 10, 2016. Defendant Demetrios Prokos ("Prokos") moved for summary judgment on June 6, 2016 under Federal Rule of Bankruptcy Procedure 7056. Debtor opposes summary judgment.

---
1 Debtor is represented by counsel in the main bankruptcy case.

1

The court has subject matter jurisdiction of the underlying bankruptcy case pursuant to 28 U.S.C. § 1334 and the general order of reference entered by the United States District Court for the Northern District of Ohio on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(G) and the court has authority to issue final entries. Venue in this district is appropriate under 11 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

The focus of this adversary is on a 2005 Jaguar automobile titled to Luxury Auto Wholesale ("Luxury Auto"), the trade name of a car lot operated by Pro-Rental's, Inc. ("Pro-Rentals"). Prokos is the sole shareholder of Pro-Rentals. Debtor was in possession of the vehicle when he filed a chapter 13 bankruptcy case on February 16, 2015 and claimed an equitable interest in the vehicle on Schedule B. Debtor contends that he was given possession of the car as payment, or "barter," for work he was to perform for Prokos. According to Debtor, he never received the necessary paperwork to transfer title. He listed Prokos as an unsecured creditor with a disputed claim on Schedule F for $8,000, explaining "trade debt-Prokos provided a car but no title-Prokos claims debtor owes this amount personally."

Prokos asserts that Debtor obtained possession on October 20, 2014 for a test drive and failed to return the car and claims he made a report to the Athens County prosecutor in November 2014. He does not admit to an agreement to give the car as consideration for work Debtor was to complete, maintaining the car was given to Debtor for the purpose of a prepurchase test drive.

The parties did have agreements for Debtor to do work for Prokos but their renditions of the agreements differ. In his complaint, Debtor states the parties agreed that he would remove an abandoned building in Athens, Ohio for $2,500 cash and a vehicle from Luxury Auto. He also states there was other work between the parties, including a job to replace a roof at 88 East State St., Athens. In his response to the motion for summary judgment, Debtor provides additional detail, stating there were four jobs between the parties. Two jobs were "barter" for the Jaguar, a roofing job at 9 Stimson Avenue, Athens and a Depo street job.[2] Debtor says the Stimson Ave. job resulted in a $3,500 "credit" toward the purchase of the car. Projects three and four appear unrelated to the Jaguar but both parties reference problems at project four in Logan.

Prokos admits that Debtor did remove a building and that there were agreements for other

---

2 Debtor's response is divided into two sections, a declaration and a memorandum in opposition to summary judgment. The declaration appears to be missing information on the second project but the memorandum references Depo St. as the second project.

work.  However, Prokos claims that he advanced $6,600 to Debtor for work that was never performed and he says he is entitled to a refund.[3]  He denies that a car was any part of the consideration for the work Debtor was to perform.

On January 21, 2016, Debtor surrendered possession of the vehicle in exchange for the Athens County prosecutor dropping a nationwide warrant issued for Debtor.   The warrant arose from an indictment dated January 11, 2016, issued by the Common Pleas Court of Athens County, Ohio for receiving stolen property.   The indictment references the date of the offense as "on or about January 1, 2014 to January 11, 2016."[4]  It is Debtor's position that Prokos' actions that led to the criminal complaint and recovery of the vehicle were violations of the automatic stay under 11 U.S.C. § 362.   Prokos denies he violated the stay.

## **DISCUSSION**

This proceeding is before the court on a motion for summary judgment.   Pursuant to Bankruptcy Rule 7056, which incorporates Federal Civil Rule 56 into bankruptcy practice, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   When reviewing facts, the court must construe them, and all reasonable inferences, in favor of the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).   The moving party bears the initial burden of proof to show the absence of genuine issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).   If this burden is met, the nonmovant "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial."   If movant succeeds, "the burden shifts to the nonmovant to introduce specific facts that demonstrate the existence of a genuine issue precluding summary judgment."  Denney v. Steak N Shake Operations, Inc., 559 Fed.App'x 485 (6th Cir. 2014) (citing Matsushita Elec., 475 U.S. 574, 586).

Debtor contends that he had an equitable interest in the Jaguar and that Prokos' actions leading to its surrender were violations of the stay.   Under 11 U.S.C. § 362(a), the filing of a bankruptcy petition operates as a stay of certain actions against a debtor and/or property of the estate.   Property of the estate includes a debtor's legal and equitable interests in property. 11 U.S.C. § 541(a)(1).   While federal law controls what property is included in a bankruptcy estate, state law defines the property interests.  Corzin v. Fordu (In re Fordu), 201 F.3d 693, 700 (6th Cir. 1999) (citations omitted). Consequently, the court must look to Ohio law to determine if Debtor has an interest in the vehicle.   For purposes of this review, the court is going to presume all facts in favor of Debtor.[5]

The Jaguar is titled to Luxury Auto.   In spite of this, Debtor claims an equitable interest

---

[3] He did not file a claim in the chapter 13 case.
[4] The superseding indictment was later issued to add additional charges but the offense dates did not change.
[5] The court is not convinced that if it were to examine the facts set forth by Prokos in his affidavit, and find that Prokos met his initial burden of proof, that Debtor presented admissible facts that carry his burden to demonstrate a genuine issue of material fact supporting an equitable interest in the car.

in the vehicle, which is not supported by Ohio law. Ohio Revised Code § 4505.04 directs that interests in motor vehicles arise from certificates of title. Section 4505.04(B) prevents a court from recognizing any "right, title, claim or interest of any person in or to any motor vehicle sold or disposed of . . . unless evidenced: (1) [b]y a certificate of title . . . (2) [b]y admission in the pleadings or stipulation of the parties; (3) in an action by a secured party to enforce a security interest . . . by an instrument showing a valid security interest." None of the exceptions apply.

While some courts have recognized equitable interests in persons who do not hold legal title, the cases are based on the existence of express trusts. In re Amos, 201 B.R. 184 (Bankr. N.D. Ohio 1996); Drown v. Hill (In re Phillips), 437 B.R. 836 (Bankr. S.D. Ohio 2010); In re Ward, 300 B.R. 692 (Bankr. S.D. Ohio 2003) *but see* In re Caddarette, 362 B.R. 829 (Bankr. N.D. Ohio 2006). No facts support an express trust, starting with the fact that the vehicle was titled to Luxury Auto on December 24, 2013, well before these events transpired, defeating any intent to create a trust in Debtor's favor at the time it was titled to Luxury Auto. In re Phillips, 437 B.R. 836. Debtor's claim for an equitable interest in the vehicle fails as a matter of law.

Since Debtor does not have an interest in the vehicle, it was not property of his bankruptcy estate and therefore was not protected by the stay. Any acts taken by Prokos to recover the vehicle did not violate the automatic stay. Summary judgment will be granted in favor of Prokos. An order will enter immediately.

#   #   #

**Service List:**

Clayton B. Smith
6105 Cedar Lane NW
Canton, OH 44708

Roger J. Stevenson
Roetzel & Andress
222 South Main Street
Suite 400
Akron, OH 44308

4